**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0254n.06

No. 12-6172

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHANDRA EVANS, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| | ) | |
| WALGREEN COMPANY, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellee.** | ) | |
| | ) | |

**FILED**
Apr 02, 2014
DEBORAH S. HUNT, Clerk

**BEFORE: BOGGS, NORRIS, and WHITE, Circuit Judges.**

**PER CURIAM.** Plaintiff Chandra Evans filed suit against her former employer, the drugstore chain Walgreen Company, after she was terminated from her position as a pharmacist. She contends that, as an African-American woman, Walgreen discriminated against her based on her race and gender. She also alleges that Walgreen retaliated against her for speaking out about this discrimination. Her complaint included several state and federal causes of action.

The district court granted summary judgment to Walgreen in a detailed, published order. *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897 (W.D. Tenn. 2011). Evans appeals from that order as well as the denial of motions for sanctions and reconsideration. This case was extensively litigated below and the briefs on appeal are likewise detailed.

We review the grant of summary judgment de novo. *1st Source Bank v. Wilson Bank & Trust*, 735 F.3d 500, 502 (6th Cir. 2013). In doing so, we "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Mindful of this precept, we have reviewed the record and considered the arguments advanced by Evans in support of her Title VII claim. Specifically, she takes issue with the court's finding that Walgreen advanced a legitimate, non-discriminatory explanation for terminating her employment, to wit, that she violated a policy that prohibited workplace violence. In the district court's view, Evans had not met her burden of coming forward with evidence that Walgreen's explanation was pretextual. *Evans*, 813 F. Supp. 2d at 920. It went on to explain why Evans's contention that the company retaliated against her for pursuing her Title VII claim fell short. *Id.* at 925–28. After careful consideration of the arguments advanced by the parties, we adopt the reasoning of the district court on these points and affirm its grant of summary judgment.

Evans also challenges the order overruling her objections to a magistrate judge's report recommending the denial of her motion for sanctions, a decision that we review for an abuse of discretion. *See Hall v. Liberty Life Assur. Co. of Boston*, 595 F.3d 270, 275 (6th Cir. 2010). Among other things, Evans asked the court to exclude a written statement that she made in the course of the workplace-violence investigation. We find no abuse of discretion on the part of the court in denying her motion. We agree with the reasoning set forth in its order of August 15, 2011.

Lastly, we affirm the order of the district court denying Evans's motion for limited reconsideration filed on September 24, 2012.

The judgment of the district court is hereby **affirmed**.